GUTTENTAG v. WHITNEY et al.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

:1. AMENDMENT TO ANSWER—LACHES.
  Where, on the trial of an action to recover for goods sold, defendants learned that plaintiff's assignor was a foreign corporation, which had not complied with the statute so as to entitle it to do business in this state, their failure to then move for an amendment of their answers, or to take any steps to interpose such defense, until after the reversal of a judg-ment in their favor, was sufficient ground for denying their application to amend.

  Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by Ignatz Guttentag against Clark J. Whitney and another. From an order allowing defendants to amend their answers, plain-tiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.
Alfred Pagelow, for respondents.

O'BRIEN, J. Julius Bien & Co., a corporation, delivered goods under a contract, for the value of which the plaintiff, to whom the corporation assigned its claim, brought this suit in February, 1902. Issue was joined, and the case was placed upon the short-cause calendar, and subsequently tried in June, 1902, and there resulted a judgment in favor of the plaintiff. From that judgment the defendants appealed, and for errors committed on the trial in excluding certain evidence this court reversed the judgment, and ordered a new trial. 80 N. Y. Supp. 435. Upon the appeal the defendants also raised the point, which they had not pleaded in their answers, that Julius Bien & Co. was a foreign corporation, which, they asserted, had not secured the right to do business in this state, because it had failed to obtain the certificate required by law, and hence could not maintain the action. The judgment, however, was reversed on the other ground above stated, and it was, therefore, unnecessary to determine the question as to whether or not the statute was a bar.

It is conceded that on the trial the defendants' attorney became aware of the fact that the plaintiff's assignor, Julius Bien & Co., was a foreign corporation, which had not obtained the certificate requisite to enable it to do business in this state, and that no motion was made at that time to amend the answers by setting up the statute, and that no steps were taken to interpose such a defense until after the reversal of the judgment by this court. The old rule under which applications were denied where the purpose sought was to set up unconscionable defenses by amendments of pleadings has unquestionably been modified by later cases. Although the purpose of the amendment in the case at bar is to introduce a defense which, assuming the allegations of the complaint to be true, would enable the defendants, after procuring goods from the plaintiff's assignor in pursuance of a contract, to escape having to pay for them under a statute which is drastic in its scope, we would favor the allowance of the amendment had the application therefor been made in time. In view, however, of the fact that upon the trial the defendants knew that the plaintiff's assignor was a foreign corporation, which had not complied with the statute, their failure then to move for an amendment of their answers, or to take any steps until after the judgment in their favor was reversed by this court, should have led the court below to deny the application to amend.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except HATCH, J., who dissents.